IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AGNES DONNELLY,                    §
                                   §
        Plaintiff,                 §
                                   §
v.                                 §        CIVIL ACTION NO. H-15-1671
                                   §
JPMORGAN CHASE BANK, N.A.,         §
                                   §
        Defendant.                 §

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant JPMorgan Chase Bank, N.A.'s ("Defendant") Motion to Dismiss (Doc. 7). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

## I.  Case Background

Plaintiff is an individual residing in Houston, Texas, who brought a previous lawsuit to prevent an attempted foreclosure of her residence in 2013.[2] That case was dismissed with prejudice on February 4, 2014, after this court found that Plaintiff had failed to state a claim for relief and that amending her complaint would

_____

[1]   This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 5.

[2]   See Doc. 1-1, Ex. A-3 to Def.'s Notice of Removal, Pl.'s Original Pet. p. 2; Donnelly v. JP Morgan Chase, NA, No. 4:13-cv-1376, 2014 WL 429246, at *1 (S.D. Tex. 2014).

be futile.[3]

Plaintiff filed a second suit against Defendant in the Court of Harris County, Texas, on May 29, 2015.[4]  In her petition, Plaintiff claimed that the underlying loan had been paid off since July 2012, but alternatively argued that if the court found that Defendant held title to the deed of trust, Defendant had breached its contract with Plaintiff by attempting to schedule a June 2, 2015 foreclosure sale without giving notice in the Harris County Property Records as required by the deed.[5]  Plaintiff also sued for breach of contract, requested a permanent injunction preventing Defendant from foreclosing on the property, a declaratory judgment barring Defendant's right to foreclose, a temporary restraining order and injunction, and attorney's fees.[6]  Plaintiff's temporary restraining order was granted, a hearing was scheduled for June 12, 2015, and the scheduled foreclosure sale did not take place.[7]

Defendant removed this case based on diversity jurisdiction on June 12, 2015.[8]  On June 19, 2015, Defendant filed a motion to dismiss, alleging that Plaintiff's claims were barred by res

---

[3]    See Donnelly, 2014 WL 429246, at *6.

[4]    See Doc. 1-1, Ex. A-3 to Def.'s Notice of Removal, Pl.'s Original Pet. p. 9.

[5]    See id. pp. 1-5.

[6]    See id. pp. 4-8.

[7]    See Doc. 1-1, Ex. A-5 to Def.'s Notice of Removal, TRO & Order Setting Temporary Inj. Hr'g dated May 29, 2015.

[8]    See Doc. 1, Def.'s Notice of Removal p. 2.

judicata and failed to state a claim under Rule 12(b)(6).[9]   On October 2, 2015, Plaintiff filed a response to Defendant's motion.[10]

## II.   Legal Standard

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  <u>Sullivan v. Leor Energy, LLC</u>, 600 F.3d 542, 546 (5th Cir. 2010).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 550 U.S. at 555.  In other words, the factual allegations must allow

---

[9]      <u>See</u> Doc. 7, Def.'s Mot. to Dismiss.

[10]     <u>See</u> Doc. 23, Pl.'s Resp. to Def.'s Mot. to Dismiss.  Plaintiff requested and received two extensions to file her response.

for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); see also United States ex rel. Adrian v. Regents of the Univ. of Cal., 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification ... is considered an abuse of discretion." (internal citation omitted)).

However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990); see also Ayers v. Johnson, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

4

"A document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"   See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Pleadings filed by pro se litigants are liberally construed.   See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2000).

### III.   Analysis

Defendant argues that Plaintiff's claim should be dismissed because she has failed to state a claim upon which relief can be granted.   Specifically, Defendant argues that Plaintiff's claims are barred by res judicata and that Plaintiff has not stated a plausible claim for relief against Defendant.   In her response, Plaintiff argues that Defendant's motion should be denied because she has a due process right to a trial by jury.

### A.   Res Judicata

Defendant argues that Plaintiff's claims should be dismissed because as a matter of law, her claims were raised or could have been raised in her 2013 suit.

Res judicata bars the relitigation of claims that could have or were previously brought in a prior suit.   Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 312-13 (5th Cir. 2004).   In order for a claim to be barred, "(1) the parties in both the prior suit and current suit must be identical; (2) a court of competent

jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits." Id. at 313 (quoting Howe v. Vaughan, 913 F.2d 1138, 1143-44 (5th Cir. 1990)).   The court uses the "transactional" test to determine whether a suit and a prior suit involve the same cause of action. Davis, 383 F.3d at 313.  The critical issue is whether the actions are based on the "same nucleus of operative facts." Id. (quoting In re Southmark Corp., 163 F.3d 925, 934 (5th Cir. 1999).   A plaintiff cannot simply advance a new theory of recovery at a later date if she could have brought the same claims in the original suit.  Citizens Ins. Co. of Am. v. Daccah, 217 S.W.3d 430, 449 (Tex. 2007); Van Duzer v. U.S. Bank Nat. Ass'n, 995 F. Supp. 2d 673, 686 (S.D. Tex. 2014).

Here, there is no question that the first three elements are satisfied; the court need only determine whether Plaintiff has brought the same cause of action.  In her previous suit, Plaintiff brought a number of broad claims, asserting that Defendant wrongfully foreclosed on the property and engaged in "victimizing and abusive practices" and wrongful credit reporting.  Donnelly, 2014 WL 429246, at *3.  Plaintiff additionally demanded the production of certain documents and requested an accounting.  Id.

Here, Plaintiff's suit is based on Defendant's alleged breach of contract relating to its recent foreclosure notice.   This

alleged breach took place in 2015, over a year after her previous case was dismissed.[11]  Because Plaintiff's suit is based on a new claim that she could not have brought in her previous suit, the court finds that res judicata does not apply except to Plaintiff's claim that her loan has been paid off since 2012.  See Donnelly, 2014 WL 429246, at *1.

**B.  <u>Plausible Claim For Relief</u>**

Defendant argues that even in the absence of res judicata, Plaintiff has not stated a plausible claim for relief.  Plaintiff's claims are based on allegations that Defendant failed to record notice of its intended June 2, 2015 foreclosure sale.  Along with its motion, Defendant has attached the Notice of Trustee's Sale filed with the Harris County Clerk on March 30, 2015.

To prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach.  <u>Brown v. Wells Fargo Bank, N.A.</u>, No. 4:13-cv-3228, 2015 WL 926573, at *3 (S.D. Tex. 2015).  The Texas Property Code contains a notice provision which states that notice of sale must be given at least twenty-one days before the date of  a foreclosure sale.  Tex. Prop. Code Ann. § 51.002(b).

---

[11]    <u>See</u> Doc. 1-1, Ex. A-3 to Def.'s Notice of Removal, Pl.'s Original Pet. pp. 4-5.

Here, Plaintiff's petition states that "notice of the foreclosure sale was never recorded."[12]  Plaintiff quotes the deed of trust, which states, in conformity with the notice provision of the Texas Property Code, "[i]f lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least [twenty-one] days prior to the sale as provided by applicable law."[13]  Defendant has attached to its motion a notice of trustee sale filed on March 30, 2015, sixty-five days before the scheduled trustee's sale.[14] Plaintiff contests this notice by attaching a letter sent by her former attorney to Defendant stating that the notice was not filed.[15]

But even if the court ignores Defendant's attached notice, Plaintiff's pleading is fatally defective because she has not alleged an actual breach of contract.  Specifically, the scheduled June 2, 2015 foreclosure sale did not occur.  This court has found that a plaintiff may not pursue a claim based on defective notice without alleging an actual foreclosure sale.  See Kew v. Bank of

---

[12]     See Doc. 1-1, Ex. A-3 to Def.'s Notice of Removal, Pl.'s Original Pet. p. 2; Donnelly v. JP Morgan Chase, NA, No. 4:13-cv-1376, 2014 WL 429246, at *1 (S.D. Tex. 2014).

[13]     See Doc. 1-1, Ex. A-3 to Def.'s Notice of Removal, Pl.'s Original Pet. p. 6.

[14]     See Doc. 7-2, Ex. C to Def.'s Mot. to Dismiss, Notice of Trustee's Sale.

[15]     See Doc. 23, Ex. 5 to Pl.'s Resp. to Def.'s Mot. to Dismiss, Letter re: Notice dated May 26, 2015.

America, N.A., No. H:11-cv-2824, 2012 WL 1414978, at *6 (S.D. Tex. 2012) (holding that plaintiffs could not bring a defective notice property claim in the absence of actual foreclosure); Motten v. Chase Home Fin., 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011) (noting that plaintiffs cannot claim notice requirements were violated before foreclosure took place). Plaintiff's breach of contract claim is based on the same notice provision and is similarly defective absent any allegation that Defendant actually sold the property, and the court therefore **RECOMMENDS** that Plaintiff's claim be dismissed with prejudice and without leave to amend as amendment would be futile.

## C. Declaratory Judgment

Plaintiff requests a declaratory judgment specifying the parties' rights under the Deed of Trust and underlying note and additionally requests attorney's fees.[16] Defendant argues that Plaintiff has no actual controversy for the court to decide.[17]

When a declaratory judgment action is filed in state court and is later removed to federal court, it is converted to an action brought under the federal Declaratory Judgment Act. 28 U.S.C. §§ 2201, 2202. The federal Declaratory Judgment Act is a procedural

---

[16] Plaintiff's attorney subsequently withdrew from this suit. See Doc. 17, Order Granting Mot. to Withdraw.

[17] Plaintiff has submitted evidence indicating that Defendant subsequently rescinded its acceleration, in addition to not proceeding with its scheduled foreclosure sale. See Ex. 12 to Doc. 23, Pl.'s Resp. to Def.'s Mot. to Dismiss, Rescission of Acceleration Letter.

device that does not create substantive rights, but requires the existence of a justiciable controversy. <u>Bell v. Bank of Am. Home Loan Serv. LP</u>, No. H:11-cv-2085, 2012 WL 568755, at *8 (S.D. Tex. 2012). A declaratory judgment action thus requires a substantial and continuing controversy between two parties. <u>Bauer v. Texas</u>, 341 F.3d 3582, 358 (5th Cir. 2003). Here, as Plaintiff has no viable claims against Defendant, Plaintiff cannot maintain a declaratory judgment action or obtain attorney's fees as a prevailing party.

**D.  Injunctive Relief**

Plaintiff seeks a permanent injunction preventing Defendant from foreclosing on her property. A permanent injunction is not an independent cause of action but an equitable remedy that depends on an underlying cause of action. <u>Massey v. EMC Morg. Corp.</u>, 546 F. App'x 477, 483 (5th Cir. 2013) (unpublished). As the court has determined that Plaintiff does not have any underlying cause of action, Plaintiff cannot receive injunctive relief.

**E.  Defendant's Response**

In her response to Defendant's motion, Plaintiff makes several statements regarding due process and her right to a jury trial in both the current case and her 2013 case.[18]

---

[18]    <u>See</u> Doc. 23, Pl.'s Resp. to Def.'s Mot. to Dismiss. Plaintiff also makes several general complaints that are not in response to Defendant's motion. As these are not arguments related to Plaintiff's claim, the court will not consider them.

The Seventh Amendment states that "the right of jury trial shall be preserved" where there is a value in controversy in suits at common law.  U.S. Const. amend. VII.  However, a jury, as trier of fact, has no role when a plaintiff's complaint fails to state a claim as a matter of law.  <u>Anderson v. Law Firm of Shorty, Dooley & Hall</u>, 393 F. App'x 214, 219 (5th Cir. 2010) (unpublished).  Here, Plaintiff has failed to state any plausible claim for relief and is thus not  entitled to a trial by jury.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this <u>16th</u> day of October, 2015.

11

U.S. MAGISTRATE JUDGE