United States District Court
Southern District of Texas
**ENTERED**
November 03, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AGNES DONNELLY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-1671 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is the Magistrate Judge's memorandum and recommendation ("M&R") recommending that the court grant a motion to dismiss (Dkt. 7) filed by defendant JPMorgan Chase Bank, N.A. ("Chase"). Dkt. 25. Plaintiff Agnes Donnelly filed objections to the M&R. Dkt. 26. After considering the M&R, relevant documents in the records, Donnelly's objections, and the applicable law, the court is of the opinion that the M&R should be ADOPTED and the motion to dismiss should be GRANTED.

The Magistrate Judge recommended that the court grant Chase's motion to dismiss because (1) Donnelly's claim that her loan had been paid off since 2012 is barred by res judicata; (2) Donnelly cannot pursue a breach of contract claim based on the notice not being properly filed because there was never a foreclosure sale; (3) Donnelly's declaratory judgment action fails because there are no viable claims against Chase; (4) Donnelly's request for a permanent injunction must be denied because there is no remaining cause of action. Dkt. 25. Donnelly filed several objections to the M&R. Dkt. 26.

Most of Donnelly's objections relate to claims that are not pled in Donnelly's petition. *Compare* Dkt. 1-1, Ex. A-3 (asserting claims relating to Chase's alleged failure to properly file notice of foreclosure), *with* Dkt. 26 (asserting that there are chain-of-title issues and that Chase tampered with the note). These objections are therefore OVERRULED. Moreover, even if the court

were to construe Donnelly's objections as a request for leave to amend the complaint to add the new causes of action Donnelly discusses, the court would deny leave to amend as futile. *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile."). These new claims are based on the same nucleus of operative facts as the earlier case discussed in the M&R and would thus be barred by res judicata. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (discussing the transactional test for res judicata); *Donnelly v. JP Morgan Chase, NA*, No. 4:13-cv-1376, 2014 WL 429246 (S.D. Tex. Feb. 4, 2014) (Rosenthal, J.) (order in prior case filed by Donnelly in which Judge Rosenthal dismissed causes of action relating to, among other things, whether Chase was the holder in due course of the note and whether the documents had been tampered with).

The only argument in Donnelly's objections that could be construed as an objection relating to a claim that is not barred by res judicata is that Chase's attorneys allegedly did not record the notice of foreclosure even though, according to Donnelly, the deed of trust requires notice of foreclosure to be posted *and* recorded in the Harris County real property records. *See* Dkt. 26 at 9. This is simply a reiteration of Donnelly's breach of contract claim and, as the Magistrate Judge aptly explained, the breach of contract claim cannot survive if there was no foreclosure sale. *See* Dkt. 25 at 8–9. The objection is thus OVERRULED.

In sum, the objections are all OVERRULED and the M&R is ADOPTED IN FULL. Chase's motion to dismiss is GRANTED. This case is DISMISSED WITH PREJUDICE. A final judgment will issue concurrently with this order.

Signed at Houston, Texas on November 3, 2015.

_____
Gray H. Miller
United States District Judge